UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61992-RAR

**AVINI HEALTH CORPORATION**,

    Plaintiff,

v.

**BIOGENUS LLC**,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant BioGenus LLC's Federal Rule 12(b)(1) Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), [ECF No. 26], filed on January 31, 2023.[1] Having considered Defendant's Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 26], is **DENIED** for the reasons stated herein.

## BACKGROUND

Plaintiff Avini Health Corporation ("Avini") brings suit against Defendant BioGenus LLC ("BioGenus"), alleging one count for breach of contract arising from a Production and Supply Agreement ("Agreement") between the parties.[2] First Am. Compl. ("FAC"), [ECF No. 18] ¶ 8. Avini "operates on an affiliate marketing model and generally sells branded products for

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Response"), [ECF No. 34]; Reply to Pl. Avini Health Corp.'s Opp'n to Def.'s Rule 12(b)(1) Mot. to Dismiss Pl.'s First Am. Compl., [ECF No. 35].

[2] The factual allegations contained herein are derived from Avini's FAC and taken as true for purposes of providing context to the Motion.

detoxification, immune system support, and over-the-counter pain relievers." FAC ¶ 6. BioGenus is engaged in "the business of manufacturing, sourcing, contracting, packaging, and providing other miscellaneous services related to the production of products for its customers/clients." FAC ¶ 7. In approximately March 2022, Avini and BioGenus entered into the Agreement, pursuant to which BioGenus would manufacture "spherical silver nanoparticles in deionized water" that Avini would then sell. *See* FAC ¶¶ 8–9. The Agreement also gave Avini a right of first refusal to purchase new products developed by BioGenus. FAC ¶¶ 10–11.

At approximately the same time the parties executed the Agreement, BioGenus's principal Gary Samuelson claimed he was developing a new version of "REDOX," which is "salt water that contains electrically charged redox signaling molecules that is marketed as helping to protect, rejuvenate, and restore cells at the genetic level." FAC ¶¶ 13, 16 (internal quotation mark omitted). This new REDOX product was a version of REDOX in the form of "a 2 oz concentrated spray," whereas the existing REDOX product was sold in 32-ounce bottles. FAC ¶ 16. Samuelson represented that, pursuant to the Agreement, Avini would have the opportunity to purchase this new version of REDOX once it was developed. FAC ¶ 17.

Avini premises its breach of contract claim on two distinct breaches—one related to receiving poor quality product and one related to the right of first refusal.

**I. Product Quality**

Avini alleges that on May 5, 2022, Nutra Pharma Corporation ("Nutra Pharma"), an affiliate acting on Avini's behalf, submitted a purchase order ("Purchase Order") to BioGenus. FAC ¶¶ 36–39. According to Avini, the parties—prior to executing the Agreement—discussed that Nutra Pharma would submit purchase orders and accept shipments on Avini's behalf. FAC ¶¶ 29–30. Though the Agreement states that Avini would "submit Purchase Orders to

[BioGenus] for production of spherical silver nanoparticles in deionized water," it appears silent as to how Avini would submit the referenced purchase orders. FAC Ex. A § 2. The Agreement does not reference Nutra Pharma in this provision, but another provision explicitly provides that the product would be shipped to Nutra Pharma. FAC Ex. A Schedule A. After Nutra Pharma submitted the Purchase Order, Samuelson sent the invoice for the order to representatives from both Avini and Nutra Pharma. FAC ¶ 39. While BioGenus had previously sent non-defective product to Avini in fulfillment of a previous order, the shipment BioGenus delivered pursuant to the Purchase Order was allegedly defective. FAC ¶¶ 40–41. Avini then sent a notice of default to BioGenus, but the parties did not resolve the dispute before suit. FAC ¶¶ 44–45.

## II. Right of First Refusal

Despite Avini's right of first refusal, Avini believes Samuelson completed the new REDOX product and began selling it while representing to Avini that it was still in development. Specifically, over the course of two dinner events, the first of which occurred on July 8, 2022, Samuelson and his wife represented to some of Avini's distributors that the new REDOX product was ready for sale but that guests could purchase bottles of the product directly from Samuelson. *See* FAC ¶¶ 19–23. Samuelson proceeded to sell bottles of the new REDOX product directly to Avini distributors. *Id.* As of the time Avini filed suit, BioGenus had not offered the new REDOX product to Avini. FAC ¶ 24. When Samuelson was confronted about his failure to offer the product to Avini, he purportedly stated he wanted BioGenus to be the distributor of the product. FAC ¶ 25.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). However, when a party makes a factual attack on jurisdiction under Rule 12(b)(1), the court may consider extrinsic evidence and "weigh the facts" to determine if jurisdiction exists. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013) (quoting *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)). The plaintiff has the burden of establishing jurisdiction. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## **ANALYSIS**

BioGenus purports to make a factual attack on standing, arguing Avini has not suffered an injury in fact because (1) Nutra Pharma—rather than Avini—submitted the Purchase Order; and (2) BioGenus has not finished developing the new REDOX product. Mot. at 6–11. The Court finds these arguments, which simply dispute the merits of Avini's claim, premature.

Standing "ensures the judiciary stays within its constitutional role: resolving 'Cases' and 'Controversies'—i.e., discrete disputes between parties." *MSPA Claims 1, LLC v. Tenet Florida, Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019) (quoting U.S. Const. art. III, § 2). To establish standing, the plaintiff must demonstrate (1) an injury in fact; (2) that is "fairly traceable" to the defendant; and (3) that a favorable judicial decision can likely redress. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Generally, when a defendant makes a Rule 12(b)(1) factual attack on jurisdiction, including an attack on standing, the court may consider and weigh extrinsic evidence to decide if jurisdiction exists. *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). When a defendant's standing

argument attacks the merits of the plaintiff's claim, however, it is prudent to deny the motion without prejudice and decide the standing dispute at the summary judgment stage. *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1207 (S.D. Fla. 2022) (denying motion to dismiss for lack of subject matter jurisdiction because the defendants' "contentions [were] indirect, if not direct, attacks on the merits" of the plaintiffs' claims); *Allgood v. PaperlessPay Corp.*, No. 3:20-cv-516-MMH-MCR, 2022 WL 846070, at *9 (M.D. Fla. Mar. 22, 2022) (finding that summary judgment on a standing dispute was "premature" at the motion to dismiss stage); *Flexiteek Ams., Inc. v. PlasTEAK, Inc.*, No. 08-60996, 2009 WL 890613, at *1 (S.D. Fla. Apr. 1, 2009) (denying motion to dismiss for lack of standing because it would be "prudent to address the standing issue at the summary judgment stage where the Court [could] consider the entire factual record").[3]

Resolving the factual disputes raised in the Motion would be inappropriate because, while BioGenus purports to dispute standing, its arguments simply amount to denials of Avini's allegations. For example, BioGenus argues Avini has not suffered an injury in fact because BioGenus "never received a purchase order from Avini" and that, because Nutra Pharma is a separate legal entity, Avini cannot sue on the basis of the defective product delivered in fulfillment of the Purchase Order. *See* Mot. at 8–9. This simply denies the allegation that Nutra Pharma

---

[3] Avini is correct that in certain instances, a court must treat a Rule 12(b)(1) motion as an attack on the merits of a claim. *See* Resp. at 2–4. However, a court may only do so "when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Gardner v. Mutz*, 962 F.3d 1329, 1340 (11th Cir. 2020) (internal quotation marks and citation omitted). A court cannot proceed under Rule 12(b)(6) or Rule 56 when the parties only dispute Article III standing. *Id.* ("[T]he issue here is not *statutory* jurisdiction or standing, but rather whether the plaintiffs have satisfied the 'irreducible constitutional minimum' standing requirements that emerge from Article III."); *Floridian Hotel, Inc.*, 998 F.3d at 1231 (distinguishing between cases where the parties dispute a fact relevant to statutory jurisdiction and cases where the disputed fact is relevant to Article III standing). Because Avini's cause of action is a common law breach of contract claim and the parties only dispute Article III standing, the Court cannot treat the Motion as an attack on the merits.

submitted the Purchase Order on behalf of Avini, thus making the Purchase Order subject to the Agreement. FAC ¶¶ 36–42. While BioGenus might ultimately prove the Purchase Order was not related to the Agreement, resolving this dispute at this juncture is premature. This is especially so given that Avini has offered evidence which, if accepted as true, might support a finding that Nutra Pharma submitted the Purchase Order on Avini's behalf. *See* Decl. of Neil Roth, [ECF No. 34-1]; Resp. at 5–7; *see also MSP Recovery LLC v. Progressive Select Ins. Co.*, No. 15-20616, 2015 WL 10457208, at *2 (S.D. Fla. May 18, 2015) (declining to resolve a factual dispute relevant to standing at the motion to dismiss stage because it was "prudent to address the standing issue at the summary judgment stage").[4]

BioGenus's arguments relating to the right of first refusal are also blatant attacks on the merits of Avini's claim. Relying on a declaration executed by Samuelson, BioGenus argues Avini cannot have suffered an injury in fact because BioGenus is not "capable of manufacturing or selling" the new REDOX product, and therefore it cannot offer the product to Avini. Mot. at 9–10. BioGenus claims it only provided "samples to colleagues and friends to test" the product. *Id.* This is nothing more than a denial of the allegations in the FAC, and the Court will not resolve this dispute until the parties have had a full opportunity to conduct discovery. *See In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d at 1207. Additionally, BioGenus's claim that Avini has alleged a future harm of lost profits that is too speculative is factually incorrect.

---

[4] BioGenus's position that the Court cannot look to the evidence submitted by Avini under the parol evidence rule is irrelevant at this stage of the litigation. *See* Reply at 7–8. The parol evidence rule prevents "[e]vidence of a prior or contemporaneous oral agreement" from being introduced "to vary or contradict the unambiguous language of a valid contract." *Ungerleider v. Gordon*, 214 F.3d 1279, 1282 (11th Cir. 2000) (quoting *Johnson Enters. of Jacksonville v. FPL Grp.*, 162 F.3d 1290, 1309 (11th Cir. 1998)). Whether Avini could submit a purchase order through Nutra Pharma is more appropriately resolved at a later stage of the litigation. *See Geter v. Galardi S. Enters.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014) ("[T]he Court 'may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment.'" (quoting *McKissack v. Swire Pac. Holdings, Inc.*, No. 09-22086, 2011 WL 1233370, at *3 (S.D. Fla. Mar. 31, 2011))).

Mot. at 11–12; Reply at 5–6.  The FAC alleges that BioGenus's refusal to offer Avini the new REDOX product "*resulted in*, at minimum, $5 million in lost profits;" in other words, Avini alleges this harm already occurred—not that it constitutes a future harm Avini is attempting to prevent. FAC ¶ 54 (emphasis added).  To the extent BioGenus is disputing Avini's method of calculating these lost profits, this is an argument as to the merits and not a reason to dismiss the FAC for lack of standing.

BioGenus ends its Reply with a host of arguments that were not raised in its Motion.  For the first time in its Reply, BioGenus disputes redressability, implies this matter is not ripe for adjudication, and argues that Avini has not sufficiently pled its breach of contract claim.  Reply at 4–7.  First, because these arguments were advanced for the first time in a reply, they are not properly before this Court.  *See ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1297 (S.D. Fla. 2021) ("[A]rguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." (quoting *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009))).  Second, these arguments are yet another attempt to dispute the merits of Avini's claim.  BioGenus argues Avini cannot demonstrate redressability because BioGenus has not developed the new REDOX product, and therefore a judicial remedy cannot redress any purported harm.  Reply at 3–4.  Similarly, BioGenus claims Avini's harm is speculative and not ripe for adjudication because BioGenus has not developed enough of the REDOX product to make it commercially available.  Reply at 5–6.  The Court has already addressed why these merit-based attacks are inappropriate in a motion to dismiss—particularly one brought under Rule 12(b)(1). Even if these arguments were properly before the Court, the Court would be compelled to deny them as premature.

Lastly, in addition to being waived, BioGenus's contention that Avini did not sufficiently

plead a claim for breach of contract is incorrect. "In order to state a claim for breach of contract, a plaintiff need only allege the existence of 1) a valid contract; 2) a material breach; and 3) damages." *Geter*, 43 F. Supp. 3d at 1328 (internal quotation marks omitted) (quoting *Int'l Star Registry of Ill. v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007)). Avini has alleged the existence of the Agreement; that the right of first refusal was material; that BioGenus breached this provision by failing to offer Avini the new REDOX product; and that Avini suffered damages as a result. *See, e.g.*, FAC ¶¶ 11, 53–54. These allegations are sufficient to plead a claim for breach of the Agreement.

In sum, BioGenus's factual disputes all clearly relate to the merits of Avini's breach of contract claim. Therefore, the Court finds it prudent to deny the motion and allow BioGenus to renew its arguments at the appropriate juncture. *See Flexiteek Ams., Inc.*, 2009 WL 890613, at *1; *Am. Tech., Inc. v. Altima Computs., Inc.*, No. 6:10–cv–488–Orl–22GJK, 2011 WL 13140902, at *3 (M.D. Fla. Jan. 24, 2011) (deferring resolution of factual attack on standing).

## CONCLUSION

For the foregoing reasons, Defendant's Motion, [ECF No. 26], is **DENIED**. Defendant shall file an answer to Plaintiff's First Amended Complaint, [ECF No. 18], within **fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** in Miami, Florida, this 17th day of March, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**